CYRIL J. KEIFFER, SR., *et al.*

*v.*

ALMA QUEEN

(No. 13032)

Submitted April 26, 1972.        Decided June 21, 1972.

*William L. Jacobs,* for appellants.

*Cather, Renner & Cunningham, Charles V. Renner, Diana Everett, James M. Powell,* for appellee.

CARRIGAN, JUDGE:

Plaintiffs, Dorothy Keiffer, and her husband, Cyril J. Keiffer, Sr., on his own behalf and as next friend for his minor daughter, Nancy, instituted this action against Alma Queen in the Circuit Court of Wood County to recover damages for property, medical expenses and personal injuries sustained in an automobile accident. A jury trial resulted in an award of damages in the amount of $5,000 to Cyril J. Keiffer, Sr., on his own behalf, but, a verdict for the defendant, Alma Queen, was returned as to the cause of action brought on behalf of the minor daughter, Nancy, and by the wife, Dorothy Keiffer.

The evidence disclosed that on August 4, 1965, shortly after 7:00 p.m., DST, Cyril J. Keiffer, Sr., together with his wife, Dorothy, their daughter Nancy, and a minor son were driving in a westerly direction towards Parkersburg on U. S. 50, a two-lane highway. Cyril J. Keiffer, Sr., was driving, the son was asleep in the back seat of the car, and Dorothy Keiffer was in the front seat with Nancy Keiffer riding between her father and mother. Alma Queen was alone in her car proceeding in an easterly direction from Parkersburg when she made a sharp left turn immediately in front of the Keiffer car for the purpose of turning into a driveway on the north side of the

highway. The weather was clear, the highway straight and dry.

Medical evidence shows that as a result of this accident Cyril J. Keiffer, Sr., sustained a back sprain, abrasions of his left elbow and left shin, a chipped fracture of the right middle finger, all of such injuries having healed satisfactorily within a couple of weeks of the accident. Cyril J. Keiffer, Sr., also sustained damages to his car and medical expenses for himself, his wife and daughter.

Medical evidence shows Dorothy Keiffer sustained severe contusions and abrasions on her right leg, abrasions on her left knee, contusions of her left upper arm, contusions of both eyes, a fractured nose with slight displacement, and a laceration on the left side of her nose which required several sutures. She also sustained injury to her left index finger which she said caused her much pain and discomfort, and on which surgery was performed for relief of pain in May of 1966. There was some medical evidence which tended to show that the accident caused arthritic changes in her back which in all probability would be permanent and would continue to cause discomfort. The treatment prescribed for her injuries, other than surgery upon her finger, consisted of aspirin and application of moist heat to her back and the injured members.

Medical evidence shows that Nancy Keiffer sustained blackened eyes, multiple contusions of the left upper chest and left cheek, four loosened permanent front teeth, and a tearing of the membrane between her upper lip and gums. This injury forced her to eat liquid and soft foods for a period of time; however, such injuries had healed without residual effects by September 17, 1965.

The minor son did not sustain appreciable injuries.

Upon the aforestated facts the jury found for Cyril J. Keiffer, Sr., the driver, and against the two injured passengers as hereinbefore set forth. The trial court overruled plaintiffs' motion to set aside the verdict and grant

a new trial. It is from this action in overruling the motion for a new trial that plaintiffs appeal.

Plaintiffs assign several errors as grounds for reversal of the action of the trial court in overruling their motions as aforesaid. Plaintiffs contend however that the principal issue in the case is whether totally inconsistent verdicts can be permitted to stand by which plaintiff driver was awarded damages against the defendant driver in the amount of $5,000, which verdict determines the issue of negligence on the part of the defendant driver and freedom from negligence on the part of plaintiff driver, while at the same time plaintiff passengers, who uncontrovertedly sustained substantial personal injuries, receive no damages. Plaintiffs further contend that no evidence was tendered to impute contributory negligence to the plaintiff passengers.

On the other hand, defendant contends that the sole question before this Court is whether these verdicts are inconsistent, in the light of defendant's claim that Dorothy Keiffer and Nancy Keiffer did not sustain severe and permanent injuries. Defendant further apparently contends that upon the finding of the jury no award of damages can be made for pain and suffering where there are no severe and permanent injuries.

It is the opinion of this Court that in finding for the driver, Cyril J. Keiffer, Sr., and against the defendant, Alma Queen, the jury has found defendant guilty of negligence and plaintiff driver not guilty of contributory negligence. The liability of the defendant has thus been determined. Therefore, there remains to be decided only the question of damages, if any, to the plaintiff passengers. The jury award of $5,000 to Cyril J. Keiffer, Sr., was apparently for his personal injuries, pain and suffering, if any, damages to his automobile and medical expenses for himself, wife and daughter.

Plaintiffs' counsel stated in oral argument before this Court that notwithstanding the allegations in his petition

for appeal, he was not urging a new trial as to the verdict in favor of Cyril J. Keiffer, Sr., and therefore this Court does not consider the matter of a new trial as to this verdict in favor of Cyril J. Keiffer, Sr. This then leaves as the sole issue to be decided the question of the damages, if any, recoverable by Dorothy Keiffer and Nancy Keiffer for their injuries and for their pain and suffering, if any. The uncontradicted evidence shows that both Dorothy Keiffer and Nancy Keiffer suffered physical injuries in this automobile accident. The injuries of Dorothy Keiffer were not superficial but required medical treatment and surgery, as a result of which she also claims permanent injury. Nancy Keiffer is also shown to have suffered more than mere superficial injuries although it appears that she suffered no permanent injury and has completely recovered. It would necessarily follow from the jury verdict in favor of the plaintiff driver, from which verdict defendant took no appeal, that these injuries were caused by the negligence of the defendant.

Both plaintiffs and defendant cite for their respective positions, the cases of *Richmond v. Campbell,* 148 W.Va. 595, 136 S.E.2d 877 (1964); *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967) and *England v. Shufflebarger,* 152 W.Va. 662, 166 S.E.2d 126 (1969). In each of these cases a new trial was granted; however, in these cases the uncontroverted proof showed pecuniary loss, *i.e.,* wages and medical expenses, which exceeded the amount of the jury verdict. Since the medical expenses of Dorothy Keiffer and Nancy Keiffer were paid by Cyril J. Keiffer, Sr., and were presumably covered in the damages awarded to him, and since it is shown that neither Dorothy Keiffer nor Nancy Keiffer was employed, there resulting no question of loss of their wages, the aforecited cases are distinguishable from the present case.

We believe that when the uncontroverted evidence shows substantial injuries, though perhaps not permanent, which may have caused pain and suffering, the injured parties may recover damages from the negligent party causing these injuries. It would appear that the jury

disregarded, did not understand or was misled by plaintiff's instructions, designated in the record as "Keiffer Instruction No. 20" and "Keiffer Instruction No. 21." Keiffer Instruction No. 20, as given, is as follows:

> "If you believe from a preponderance of all the evidence in this case that Nancy Keiffer sustained injuries in this accident and is entitled to recover damages from Alma Queen, then you may take into consideration the nature and extent of the injuries sustained by her, if any, and you may further take into consideration the physical pain, the mental anguish and suffering which Nancy Keiffer has suffered, if any, and allow Nancy Keiffer such damages as you believe from a preponderance of all the evidence she is justly entitled to recover."

Keiffer Instruction No. 21 is similar to No. 20, with the exceptions that the name "Dorothy Keiffer" is inserted in No. 21 in lieu of "Nancy Keiffer," and No. 21 also contains the following: "and which from a preponderance of all the evidence in this case you believe it is reasonably certain she will suffer, if any, in the future." Not only the preponderance of the evidence, but the uncontradicted evidence, shows that both passenger plaintiffs suffered substantial injuries.

It is true that both of these instructions were given at plaintiffs' request and of course are not assigned as error on this appeal. However, it is the opinion of this Court that these instructions may have misled the jury or have given them a mistaken understanding of the law applicable to the facts of this case.

It is true that courts are most reluctant to set aside jury verdicts as to damages, and this is particularly true as to inadequate damages. The courts usually state that though they might have awarded a greater or lesser amount than that contained in the jury verdict, they will not substitute their views for that of the jury.

It is also true that there is no market price or monetary equivalent for pain and suffering or for injuries of a nonpermanent nature, and that a jury award for these will

generally not be disturbed because of the small amount awarded. A different issue is presented, however, where there is uncontradicted evidence that there was substantial injury for which the jury has made no award of damages in any amount.

Each case, however, must be determined on its particular facts. In the present case there is uncontradicted evidence that the parties suffered more than mere superficial injuries. A jury verdict awarding no damages cannot stand where the preponderance of the evidence, or, as in this case, the uncontradicted evidence, shows injury of a substantial nature. "A verdict of a jury will be set aside where the amount thereof is such that, when considered in the light of the proof, it is clearly shown that the jury was misled by a mistaken view of the case." Syllabus, Point 3, *Raines v. Faulkner,* 131 W.Va. 10, 48 S.E.2d 393 (1947). See also *French v. Sinkford,* 132 W.Va. 66, 54 S.E.2d 38 (1948), to the same effect.

Rule 59(a), R.C.P., provides that a new trial may be awarded on all or any part of an issue. In the present case the only undetermined issue is the damages to be awarded Dorothy Keiffer and Nancy Keiffer.

The action of the Circuit Court of Wood County in overruling the motion of plaintiff Cyril J. Keiffer, Sr., to set aside the jury verdict and award him a new trial is sustained, in view of this plaintiff's statement in this Court that he did not desire to prosecute an appeal from such verdict.

The action of the Circuit Court of Wood County, in overruling the motion of plaintiffs Dorothy Keiffer and Nancy Keiffer, an infant under the age of 21 years, who sues by and through Cyril J. Keiffer, Sr., her next friend, to set aside the jury verdict and award them a new trial is reversed, and each of these plaintiffs is awarded a new trial on the sole issue of the amount of damages they are entitled to recover from defendant Alma Queen.

*Affirmed in part;*
*Reversed in part and*
*Remanded with directions.*

Judge Haymond did not participate in the consideration or decision of this case.