ARTHUR H. JENNINGS, *et al.*

*v.*

CHARLES W. SMITH, *Trustee,*

RIDGE PIKE LUMBER COMPANY, INC., *etc.*

(No. 13932)

Decided November 18, 1980.

*Peter L. Chakmakian* for appellants.

*Steptoe & Johnson and Herbert G. Underwood* for appellees.

PER CURIAM:

The appellants, Arthur H. Jennings and Judith A. Jennings, are appealing a final judgment of the Circuit

Court of Jefferson County entered on December 13, 1976, denying their motion to set aside the verdict of the jury and award a new trial. Upon careful consideration of the record, briefs, and oral argument presented on this appeal we affirm, concluding that any error or defect in the proceedings below was either invited or harmless.

The facts in this case are largely undisputed, having been stipulated to in the trial court. On November 3, 1970, the appellants entered into a written retail installment or retail lien contract with the defendant-appellee, Ridge Pike Lumber Company, Inc., (Ridge Pike), for the purchase of a Brierwood Model home. Ridge Pike's main business is the fabrication and selling of residential structures or single-family dwellings. The retail installment contract provided for a cash price of $20,377.80. After deducting the down payment, there was remaining an unpaid balance on the cash price of $20,346.00. This unpaid balance was the total price the appellants would have had to pay for the model home had they elected to purchase it with cash. An additional $254.00 was added to the unpaid balance for miscellaneous expenses. The contract also provided for total payments under a deferred payment plan of $45,320.00. The difference between the cash price and the total payment price, amounting to $24,720.00, was designated as a finance charge. The parties further agreed that the appellants would pay the deferred payment price by monthly installments over a twenty-year period at an annual percentage rate of 9.25%.

There was also evidence introduced indicating that the parties discussed the proposed housing purchase in September 1971 and entered into a "Specification and Selection Agreement" concerning the materials to be utilized in the construction. The appellants chose to modify the basic model, adding and omitting specific items and exercising various options available to them as to the materials to be incorporated into the structure; these changes resulted in an increase in the cash price of appellants' home above the cost ordinarily charged for a model home of this type.

In connection with the transaction the appellants also executed a promissory note for the deferred payment price payable over a twenty-year period at an annual percentage rate of 9.25%. As security for the payment of the note, appellants executed and delivered a deed of trust on the property on which the house was to be constructed.

By July of 1973, the house had been constructed, the appellants had become delinquent in their monthly payments, and the trustee under the deed of trust had advertised the property for sale. The appellants then brought this action in the Circuit Court of Jefferson County seeking an injunction to prevent the proposed sale on the grounds that the interest rate provided for in the retail installment contract and promissory note was usurious under *W.Va. Code* 47-6-6. The appellants sought a declaration that all interest agreed upon was void as well as recovery of a statutory penalty of four times the amount of interest agreed to be paid.

The appellees defended the action on the ground that the sale of the home was a bona fide sale of personal property under the "time-price doctrine" and therefore was not subject to West Virginia's usury statutes. *See generally, Carper v. Kanawha Banking & Trust Company,* 157 W. Va. 477, 207 S.E.2d 897 (1974). Alternatively, appellees argued that the transaction was an installment loan on which a 6% add-on interest rate could lawfully be agreed upon under *W.Va. code* 47-6-5(a).[1]

The appellants make three assignments of error. First, they contend the trial court erred in giving Defendants' Instruction No. 6 because it was legally erroneous, not supported by the evidence, and plainly in conflict with Plaintiffs' Instruction No. 1. Defendants' Instruction No. 6 told the jury that if they believed from a preponderance of all the evidence that the transaction between the parties was an installment loan rather than a sale

[1] A six percent add-on interest rate is greater than the annual percentage rate of 9.25% provided for in the retail installment contract.

they could not return a verdict for the plaintiffs unless they believed that the "finance charge" in the retail installment contract was in excess of a 6% add-on interest rate.

The appellants have not demonstrated in their brief in what respect Instruction No. 6 is not a proper statement of the law, nor do we perceive any plain error in this instruction. There was ample evidence of record to support giving this instruction and from which a jury could have inferred that the transaction was in the nature of an installment loan. The trial court properly allowed the appellees to present their theory of defense to the jury. We thus conclude the trial court did not err in giving that instruction.

This brings us to appellants' argument that Defendants' Instruction No. 6 was in patent conflict with their Instruction No. 1. Instruction No. 1 advised the jury that the "highest rate of interest allowed by law in the State of West Virginia at the time that the retail lien contract between the Plaintiffs and Ridge Pike Lumber Company, Inc., was entered into was 8% per annum, except for certain exceptions not pertinent to this case." In effect, this instruction told the jury that the maximum rate of interest that could have been charged in the instant transaction was 8% per year. It states specifically that none of the exceptions to the maximum interest rate were present in this case. This instruction is obviously in conflict with Defendants' Instruction No. 6 which apprised the jury that a 6% add-on interest was permissible on an installment loan. A 6% add-on interest rate upon calculation is in excess of an 8% interest rate.

Although the instructions are conflicting, appellants are not entitled to a reversal of the jury's verdict. Plaintiffs' Instruction No. 1, though a correct statement of the law in the abstract, is erroneous because it foreclosed jury consideration of the appellees' theory of the case which was properly raised by the evidence. The jury could have found from all the evidence adduced that the transaction was a secured installment loan not

subject to the maximum 8% interest rate. Consequently, we conclude that the trial court erred in giving appellants' Instruction No. 1. We note the appellees did make a specific objection to the instruction, pointing out that it ruled out an installment loan defense. The appellants thus invited this error by offering the instruction and cannot take advantage of it on appeal. "A judgment will not be reversed for any error in the record introduced by or invited by the party asking for the reversal." Syl. pt. 21, *State v. Riley*, 151 W.Va. 364, 151 S.E.2d 308 (1966); 1B M.J. *Appeal & Error* § 256 (1980).

In addition, this Court held in Syllabus Point 14 of *Carper v. Kanawha Valley Banking & Trust Company*, 157 W.Va. 477, 207 S.E.2d 897 (1974), as follows: "[t]hough a court may properly charge a jury with conflicting instructions, if the conflict does not prejudice the party asserting error, the error is harmless." *W.Va. Code* 1931, 58-1-2. We are unable to perceive how appellants were prejudiced by an instruction favorable to them. Both parties got their theory of the case to the jury; the jury simply resolved the issue adversely to appellants.

Although we recognize that the trial in this case was not free from error, it is not our function to reverse jury verdicts merely because some error occurred in the course of a civil trial. Errors that are harmless or do not affect the substantial rights of the parties do not require reversal. Rule 61 of the Rules of Civil Procedure provides in pertinent part:

> No error ... or defect in any ruling or order or in anything done or omitted by the [trial] court or by any of the parties is ground for granting a new trial or for setting aside a verdict ... unless refusal to take such action appears to the court inconsistent with substantial justice.

The appellants' second assignment of error is that the trial court erred in refusing to give three of their instructions to the jury. We have carefully examined the instructions given in this case and agree with the appellees that the trial court did not err in refusing these

instructions, because each of them was adequately covered by other instructions given to the jury. As we have often held, "it is not error to refuse to give an instruction to the jury, though it states a correct and applicable principle of law, if the principle stated in the instruction refused is adequately covered by another instruction or other instructions given." Syl. pt. 3, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

The appellants' final assignment of error is that the trial court erred in refusing to answer a question asked by the jury after it had deliberated approximately two hours. As soon as the jury foreman raised the question, the trial court excused the jury and asked counsel for the parties to state their respective positions in regard to a proper answer to the jury's question. When counsel could not agree as to a proper response, the trial court summoned the jury and basically directed them to return to their deliberations. The court then asked counsel if they had any objections to the court's statements to the jury and no objections were made.

In these circumstances the appellants did not properly preserve this alleged trial error for appellate review. "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syl. pt. 1, *Adams v. Bowens*, 159 W.Va. 882, 230 S.E.2d 481 (1976), *citing*, Syl. pt. 1. *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971).

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*