## CIRCUIT COURT OF HENRICO COUNTY

Carolyn A. Mangum

v.

Gilbert W. Goddin, III

### November 25, 1983

### Case No. 81-L-465

By JUDGE L. PAUL BYRNE

This is an action for alleged personal injuries arising out of a collision that occurred in Henrico County between motor vehicles respectively operated by the plaintiff and the defendant. The case was tried to a jury which returned the following verdict:

We, the jury, on the issue joined, find in favor of the plaintiff and assess her damages at $0.00.

Upon return of this verdict, the plaintiff moved to set the same aside as contrary to the law and evidence and for a new trial on the issue of damages alone. Memoranda of law were ordered filed.

The arguments advanced by the parties in support of their respective positions have now been maturely considered by the Court, which proceeds now to rule upon the plaintiff's motion.

Stated in a nutshell, the plaintiff's position is that (1) the jury found in favor of the plaintiff on the issue of liability; (2) that the plaintiff's evidence established that she was injured in the accident; and (3) that the plaintiff produced unrebutted evidence of substantial monetary losses. This being the case, argues

the plaintiff, a verdict of "no damages or nominal damages" may not be sustained.

Principal reliance is placed by the plaintiff on *Smithey v. Refining Company*, 203 Va. 142, 122 S.E.2d 872 (1961); *Rome v. Kelly Springfield*, 217 Va. 943 (1977); *Keiffer v. Queen*, 189 S.E.2d 842 (W. Va. 1972); and *Peek v. Stevens*, 395 So. 2d 617 (Fla. 1981). The substance of these decisions may be summed up by the statement at page 845 of the *Keiffer* decision where the Court held:

> A jury verdict awarding no damages cannot stand where the preponderance of the evidence, or as in this case, the uncontradicted evidence, shows injury of a substantial nature.

Thus, the ultimate issue for this Court to decide is whether or not the plaintiff has clearly established that she suffered injuries as a result of the accident upon which this suit was brought.

A brief review of some of the evidence heard by the jury is in order. The amount of physical force involved in the collision was relatively slight with damage to both vehicles being modest in amount. During the five year period preceding this accident, the plaintiff was involved in no less than five other accidents, most of which caused injury to her similar in nature to the injuries complained of here. At the time of this accident, the plaintiff was in an overweight condition. Further, Investigating Officer Caudle testified that at the scene of the accident the plaintiff exhibited no evidence of injury, made no complaint of pain or injury and bent over in his presence to demonstrate to him the damage to the rear license plate on her vehicle.

On direct examination, Dr. Belle testified that this accident caused the Plaintiff's injuries. On cross-examination, however, Dr. Belle gave further testimony as follows:

> Question: Now, isn't it a fact that when a person has had a prior back problem, that if that person suffers trauma, the reoccurrence of the problem would appear rather quickly, wouldn't it?

Answer: Yes, sir. I think so.

Question: Whereas when it is the first time the back is injured, sometimes it may take a matter of hours or even a day or so for the injury to exhibit itself, mightn't it?

Answer: Sometimes this is quite correct.

Question: And I believe you stated that bending such as bending to tie a shoe, could aggravate the injury, I presume, just as easily as a minor automobile accident could?

Answer: Yes, sir.

* * * * *

Question: And one final medical question, Dr. Belle, is it not a fact that overweight, an overweight individual is more inclined to have back problems than one who is able to keep his or her weight under control?

Answer: I think it depends on the amount of overweight, but generally speaking, overweight patients do have more trouble than patients who are of normal weight.

The fact that this Court may have reached a conclusion contrary to that of the jury is not, of itself, sufficient to set such verdict aside. A jury verdict may not be so disturbed unless it is without credible evidence to support it. *Coleman v. Blankenship Oil Corp.*, 221 Va. 124 (1980). Measuring the jury's verdict by this familiar standard, and taking into account *all* evidence submitted to the jury, the Court cannot say, as a matter of law, that a jury of reasonable persons could not determine here that the condition suffered by the plaintiff was not caused by this accident.

Accordingly, the plaintiff's motion must be overruled.