332 S.E.2d 256

**Arvel DELONG, et al.**

**v.**

**KERMIT LUMBER & PRESSURE TREATING CO. and Claude Jude.**

**No. 16211.**

Supreme Court of Appeals of West Virginia.

Submitted April 24, 1985.

Decided June 27, 1985.

James H. Young, Jr., Fisher & Young, Huntington, for appellant.

W. Graham Smith, Jr., Smith & Rumora, Williamson, for appellee.

McGRAW, Justice:

This is an appeal from a final order of the Circuit Court of Mingo County, entered March 24, 1983, which denied the motion of the appellants, Arvel and Garna Delong, to set aside a jury verdict awarding them $10,500.00 in damages for the personal injuries and property damage they sustained as a result of the alleged negligence of the appellees, Kermit Lumber and Pressure Treating Company and Claude Jude. The appellants contend that the jury's award of damages was wholly inadequate, and they seek a new trial solely on the issue of damages. In view of the paucity of the record in this case we find no reversible error.

This civil action arose out of an automobile accident which occurred in Mingo County on February 21, 1979. Arvel Delong, a self-employed candy distributor, had parked his truck alongside Route 152 and had walked to the rear of the vehicle to unload a delivery. As Mr. Delong reached into his truck, a tractor-trailer truck, operated by Claude Jude and owned by his employer, Kermit Lumber and Pressure Treating Company, backed into Mr. Delong's truck, pushing it backwards over Mr. Delong. Mr. Delong's left leg was broken just below the knee and he suffered a strained shoulder. As a result of these injuries Mr. Delong was unable to return to work for seventeen weeks. In addition, Mr. Delong's truck was damaged.

Mr. Delong and his wife, Garna,[1] brought suit against the appellees in the Circuit Court of Mingo County seeking to recover damages for Mr. Delong's personal injuries and for property damage to his truck. The case went to trial on February 28, 1983, and on March 3, 1983, the jury returned a verdict finding the appellees one hundred percent negligent and assessing the appellants' damages at $10,500.00.

The appellants' principal contention is that the verdict was inadequate because it was substantially less than the total amount of special damages and future medical expenses proven and included no award for pain and suffering. The arguments of counsel and the designated record relate solely to the evidence of the future consequences of Mr. Delong's injury.

It is well settled that an injured plaintiff may recover damages for pain and suffering caused by the negligence of the defendant. *Keiffer v. Queen*, 155 W.Va. 868, 189 S.E.2d 842 (1972). In addition,

---

**1.** Mrs. Delong was joined as a party plaintiff solely because she was the co-owner of the damaged vehicle. There was no claim for loss of consortium or other damages on her part.

"[a] plaintiff may recover the cost of reasonable and necessary future medical and hospital services and for future pain and suffering when the evidence shows it is reasonably certain that such future expenses will be incurred and are proximately related to the negligence of the defendant." Syllabus point 1, *Ellard v. Harvey*, 159 W.Va. 871, 231 S.E.2d 339 (1976). *See also Keiffer v. Queen, supra; Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967); *Shreve v. Faris*, 144 W.Va. 819, 111 S.E.2d 169 (1959). " 'When a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside. *Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967).' *King v. Bittinger*, 160 W.Va. 129, 231 S.E.2d 239, 243 (1976)." Syllabus point 3, *Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983). *See also Talkington v. Barnhart*, 164 W.Va. 488, 264 S.E.2d 450 (1980); *Freshwater v. Booth*, 160 W.Va. 156, 233 S.E.2d 312 (1977); *Ellard v. Harvey, supra.*

▆ Future pain and suffering may be inferred from the permanent nature of the injury, but the permanency or future effect of the injury must be proven with reasonable certainty. *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974). There being no definite measure of damages for pain and suffering, the amount of compensation therefor is left to the sound discretion of the jury. *Richmond v. Campbell*, 148 W.Va. 595, 136 S.E.2d 877 (1964). The proper measure of damages for future medical expenses is "the reasonable value of medical services as will probably be necessary by reason of the permanent effects of a party's injuries." Syllabus Point 15, in part, *Jordan v. Bero, supra.*

The designated record in this case consists solely of one exhibit relating to Mr. Delong's accrued medical expenses and of the depositions of Arthur B. Richards, M.D., John S. Ashworth, M.D., and Ronald N. Ross, D.O., the physicians who treated Mr. Delong following the accident. All three doctors testified that as a result of the injury to his leg, Mr. Delong was suffering from post-traumatic arthritis of the knee, a degeneration of joint tissue resulting from the trauma injury and the healing process.[2] The doctors agreed that the condition was progressive and was likely to worsen and to cause Mr. Delong periodic pain throughout his life. They testified that in Mr. Delong's case there was no cure for the condition and that it could only be treated symptomatically with drugs to reduce the pain and inflammation.

The doctors differed, however, on the question of the degree of impairment in the future. Dr. Ashworth, an orthopedic surgeon who treated Mr. Delong for 6 months in 1980, testified that Mr. Delong's work would probably cause him more pain symptoms than someone who had a desk job, but predicted only minimal progression of the condition and offered no opinion as to Mr. Delong's future medical expenses. Dr. Richards, Mr. Delong's physician from the time of the accident until June 1981, testified that Mr. Delong was very stoic and would probably require less medication than the average person. He estimated Mr. Delong's future medical expenses for office visits, laboratory fees and medication at between $231.25 and $665.00 per year. Dr. Ross, who took over Dr. Richards' practice in June 1981, testified that the condition was not unusual for a person of Mr. Delong's age, but that it was probably exacerbated by the injury. He, too, testified that Mr. Delong's work would probably cause him more pain symptoms than someone with a more sedentary job and estimated Mr. Delong's future medical expenses at between $418.00 and $502.00 per year.

The appellees offered no rebuttal to this testimony, but, instead, attempted to show that Mr. Delong had fallen on two separate occasions after the day of the accident, and had thereby exacerbated his injuries. However, both Dr. Richards and Dr. Ross testified that there was no evidence of any

---

**2.** The doctors also found post-traumatic arthritis in Mr. Delong's left shoulder as a result of his injuries, but agreed that the impairment therefrom was minimal.

additional injury to the knee as a result of these falls. Moreover, both doctors testified that the falls occurred in the course of normal activities and would not have caused the pain complained of were it not for the injuries Mr. Delong had sustained as a result of the accident.

■ Based upon this evidence, it would appear that the appellants proved their claim for damages for future medical expenses and for pain and suffering. "In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant." Syllabus point 1, *Kaiser v. Hensley, supra.* Even so, the uncontradicted evidence in the record shows the permanent nature and future effect of Mr. Delong's injury to a reasonable certainty. His total reasonable and necessary future medical expenses were estimated at between $3,376.25 and $9,709.00.[3] Accordingly, he was entitled to recover damages for such future medical expenses and for pain and suffering, both past and future.

It is unclear from the record, however, whether the jury's verdict in fact encompassed these proven elements of damages. The appellants asserted that they had demonstrated at trial the following special damages: (1) property damage to the appellants' vehicle in the amount of $350.00; (2) accrued medical expenses in the amount of $1,817.00; and (3) loss of income in the amount of $5,644.00, for a total of $7,811.00. The jury's verdict was inadequate if these accrued expenses were in fact proved.

■ However, there is little evidence in the record before this Court to support the appellants' claims of having proved the special damages they assert. The depositions and the exhibits filed by the appellants as the designated record in this case demonstrate accrued medical expenses in the amount of only $1,299.50, and several of those items were contested by the appellees as having been made for treatment for conditions other than those arising from

the accident, such as bronchitis. Moreover, there is no evidence whatever in the record with regard to the alleged property damage to Mr. Delong's truck or the loss of income suffered by Mr. Delong. Although there is no indication that the appellees contested the amount of property damage at trial, the appellants admit that they did attempt to show that Mr. Delong could have mitigated his loss of income damages by hiring someone to take over his business for the seventeen weeks he was unable to work.

■ From this record, we cannot say that there was any reversible error in the judgment of the circuit court refusing to set aside the jury's verdict. Courts are reluctant to set aside a jury's award of damages unless it is clearly shown that the award was inadequate. *DeLong v. Albert,* 157 W.Va. 874, 205 S.E.2d 683 (1974); *Keiffer v. Queen, supra; Raines v. Faulkner,* 131 W.Va. 10, 48 S.E.2d 393 (1948). Moreover, the burden is on the appellant to produce a record which discloses affirmatively the reversible error committed at trial. *Pozzie v. Prather,* 151 W.Va. 880, 157 S.E.2d 625 (1967); *Rollins v. Daraban,* 145 W.Va. 178, 113 S.E.2d 369 (1960). Ordinarily, the failure to do so requires an affirmance of the judgment of the lower court, since error will not be presumed in the absence of an affirmative showing. *Id.* See also *Alexander v. Jennings,* 150 W.Va. 629, 149 S.E.2d 213 (1966); *Ward v. County Court,* 141 W.Va. 730, 93 S.E.2d 44 (1956); *Scott v. Newell,* 69 W.Va. 118, 70 S.E. 1092 (1911); *Dudley v. Barrett,* 58 W.Va. 235, 52 S.E. 100 (1905); *McGraw v. Roller,* 47 W.Va. 650, 35 S.E. 822 (1900); *Zumbro v. Stump,* 38 W.Va. 325, 18 S.E. 443 (1893).

Accordingly, we affirm the judgment of the Circuit Court of Mingo County.

Affirmed.

---

3. Based on Mr. Delong's projected life expectancy of 14.6 years, which was stipulated by the parties.