380 S.E.2d 453

**William E. DOWEY and Elizabeth J. Dowey**

v.

**Walter Lee BONNELL.**

**No. 18371.**

Supreme Court of Appeals of West Virginia.

April 21, 1989.

Robert W. Friend, Parkersburg, for William E. Dowey.

William A. Trainer, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, for Walter Lee Bonnell.

PER CURIAM:

William E. Dowey and Elizabeth J. Dowey appeal from an award by a jury in the Circuit Court of Wood County for personal injury damages. The plaintiffs allege that the $6,500 award was inadequate; that the trial court erroneously instructed the jury on the issue of permanency of the injury; that the trial court excluded consideration of loss of earning capacity, loss of future wages, and erroneously excluded other instructions; and that the failure to award Mrs. Dowey damages for loss of consortium requires reversal. We find no error, and affirm the jury verdict.

On November 17, 1982, an automobile accident occurred on Interstate 79 near Sutton in Braxton County when a southbound 1977 Buick automobile, operated by the defendant, Walter Lee Bonnell, crossed over the median, went into the northbound lane of traffic, and collided with a Chevrolet pick-up truck operated by William E. Dowey. Mr. Bonnell testified that he had momentarily taken his eyes off the road to

help his wife read a map, when the left front tire encountered loose gravel on the left berm and his car started to slide.

Mr. Dowey was transported by ambulance from the accident site to Braxton County Hospital where he was treated and released. Mr. Dowey sustained bruises, abrasions, a cut over his lip, and a shoulder joint separation.

Mr. Dowey returned to his residence in the Akron, Ohio area, and was treated for his injuries by Joseph Payton, M.D. Dr. Payton released Mr. Dowey to return to his employment as a maintenance mechanic at Kent State University eight weeks after the accident. Mr. Dowey's supervisor, Gusztov Asboth, testified that he asked other employees to assist Mr. Dowey when he returned to his employment. Mr. Dowey has had no other lost time from his employment due to the accident injuries.

Mr. Dowey's medical expert, Timothy J. Myer, M.D., an orthopedic surgeon, by written report and video deposition, described Mr. Dowey's shoulder joint separation as torn ligaments which allowed the collar bone to move upward from the shoulder blade. He testified that the separation was permanent, that the injury caused pain in the full range of motion, and that the pain could limit lifting and stretching. Dr. Myer stated that surgical treatment to realign the joint is indicated only when the pain severely limits a person from functioning. When he last examined Mr. Dowey, Dr. Myer did not believe treatment was indicated and stated, with a reasonable degree of medical certainty, that it was not probable that Mr. Dowey would ever require the surgery. He did not believe that the condition preexisted the November, 1982 automobile accident.

Mr. Bonnell's only medical witness, William K. Littman, M.D., a diagnostic radiologist, took the x-rays for Dr. Payton. He reported that there were bony spurs in and about the bones which formed the shoulder joint. He stated that the spurs were not a normal condition and that they form over time, usually as a result of trauma. He was, therefore, of the opinion that the spurs had preexisted the automobile accident, meaning Mr. Dowey may have had an abnormal medical condition in the shoulder joint prior to the accident. He did state that the effects of aging and general wear and tear are considered traumatic incidents and that the spurs could be unrelated to the injury received in the accident.

Mr. Dowey testified that he required some help when he returned to work and was not able to do all his activities around his home or enjoy his recreational pursuits. Cross-examination revealed that preexisting arthritis in the right hip, elbow, knee, and wrist required medication, caused pain, and limited his ability to function. The defendant impeached Mr. Dowey's testimony about the extent of his limitations after the accident. Mrs. Dowey testified that there was some change in her personal relationship with her husband after the accident, but nothing substantial.

Mr. Dowey submitted documentation of medical expenses in the amount of $668.40, other expenses incurred as a result of the accident in the amount of $117.19, and lost wages which amounted to $1,192.08, for a total of $2,777.67 in special damages. The jury found Mr. Bonnell liable for the accident, awarded Mr. Dowey $6,500 damages, and awarded Mrs. Dowey no damages.

■ Mr. Dowey argues that the verdict should be reversed under Syllabus Point 2 of *Keiffer v. Queen*, 155 W.Va. 868, 189 S.E.2d 842 (1972):

> " 'A verdict of a jury will be set aside where the amount thereof is such that, when considered in the light of the proof, it is clearly shown that the jury was misled by a mistaken view of the case.' Syllabus, Point 3, *Raines v. Faulkner*, 131 W.Va. 10 [48 S.E.2d 393]."

Mr. Dowey contends that the jury was misled by erroneous and inadequate instructions on the permanency and future effect of his injuries related to the accident. We described future damages in Syllabus Point 2 of *Flannery v. United States*, 171 W.Va. 27, 297 S.E.2d 433 (1982):

> " 'Future damages are those sums awarded to an injured party for, among other things: (1) Residuals or future ef-

fects of an injury which have reduced the capability of an individual to function as a whole man; (2) future pain and suffering; (3) loss or impairment of earning capacity; and (4) future medical expenses.' Syllabus Point 10, *Jordan v. Bero,* [158] W.Va. [28], 210 S.E.2d 618 (1974)."

The trial court gave Plaintiffs' Instruction No. 11 [1] on damages, but deleted language in regard to future medical expenses and future lost wages. Our general rule with regard to recovery of future damages is contained in Syllabus Point 1 of *Flannery v. United States, supra:*

" 'The permanency or future effect of any injury must be proven with reasonable certainty in order to permit a jury to award an injured party future damages.' Syllabus Point 9, *Jordan v. Bero,* [158] W.Va. [28], 210 S.E.2d 618 (1974)."

A corollary to this rule is that proof of future damages cannot be sustained by mere speculation or conjecture. *Sisler v. Hawkins,* 158 W.Va. 1034, 217 S.E.2d 60 (1975); *Spencer v. Steinbrecher,* 152 W.Va. 490, 164 S.E.2d 710 (1968). In *Jordan, supra,* we held in Syllabus Point 16 that:

"Proof of future medical expenses is insufficient as a matter of law in the absence of any evidence as to the necessity and cost of such future medical treatment."

In this case, the trial court correctly refused an instruction for future medical expenses based on a record devoid of evidence. Even Mr. Dowey's physician did not believe to a reasonable certainty that future treatment would be necessary. The plaintiffs also failed to introduce the cost of potential future medical treatment. Similarly, no evidence was offered about future lost wages.[2]

■ Plaintiffs next argue that the trial court improperly refused to give certain instructions.[3] These instructions about future reduced earning capacity replicate paragraph nine of Plaintiffs' Instruction No. 11 given by the court. In Syllabus Point 2 of *McAllister v. Weirton Hospital*

---

**1.** Plaintiffs' Instruction No. 11, as given, provided:

"If your verdict is for WILLIAM E. DOWEY, you may allow WILLIAM E. DOWEY such sum as you believe from a preponderance of the evidence will fairly and reasonably compensate WILLIAM E. DOWEY for any injuries and damages proximately caused by the negligence of the Defendant; and in evaluating WILLIAM E. DOWEY'S injuries and damages you may take into consideration, to the extent they have been proven by a preponderance of the evidence, the following:

"1. The cost, if any, of reasonable and necessary hospital bills and doctor bills which have been incurred to date.

\* \* \* \* \* \*

"3. Physical pain and suffering, if any, WILLIAM E. DOWEY has undergone to date, as a proximate result of the accident.

"4. Any mental pain and suffering, anguish and anxiety WILLIAM E. DOWEY has undergone to date, as a proximate result of the accident.

"5. If you believe with reasonable certainty that WILLIAM E. DOWEY will suffer any future physical pain and suffering as a proximate result of injuries sustained in this accident, then such future physical pain and suffering may be taken into your consideration.

"6. If you believe with reasonable certainty that WILLIAM E. DOWEY will suffer any future mental pain and suffering, anguish and anxiety, as a proximate result of injuries sustained in this accident, then such future mental pain and suffering, anguish and anxiety, may be taken into your consideration.

"7. The amount of wages already lost, as a proximate result of the accident.

\* \* \* \* \* \*

"9. If you believe with reasonable certainty from a preponderance of evidence that any injuries you find WILLIAM E. DOWEY to have sustained as a proximate result of the accident are permanent and will reduce WILLIAM E. DOWEY'S capacity to labor, enjoy life and earn money in the future, you may also consider and award a sum which, if paid now, would be considered fair compensation for WILLIAM E. DOWEY'S diminshed [*sic*] capacity to labor, enjoy life and earn wages or earn money by WILLIAM E. DOWEY'S labor in the future; and in this connection, you may take into consideration the age and physical condition of the Pliantiff [*sic*], WILLIAM E. DOWEY, and the probable duration of WILLIAM E. DOWEY'S life at the time of the injuries."

**2.** Mr. Dowey's potential reduced earning capacity due to any permanent injury caused by the accident was covered by Plaintiffs' Instruction No. 11. *See,* note 1, *supra.*

**3.** Plaintiffs' Instruction Nos. 14, 15, and 16.

*Co.,* 173 W.Va. 75, 312 S.E.2d 738 (1983), we stated:

"'It is not error to refuse to give an instruction to the jury, though it states a correct and applicable principle of law, if the principle stated in the instruction refused is adequately covered by another instruction or other instructions given.' Syl. pt. 2, *Jennings v. Smith,* [165 W.Va. 791] 272 S.E.2d 229 (W.Va.1980), *quoting* syl. pt. 3, *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966)."

■ The plaintiffs' contention that the damage award is inadequate must also be rejected. In Syllabus Point 1 of *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983), we stated:

"In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant."

"Courts are reluctant to set aside a jury's award of damages unless it is clearly shown that the award was inadequate." *DeLong v. Kermit Lumber & Pressure Treating Co.,* 175 W.Va. 243, 246, 332 S.E.2d 256, 259 (1985). *See also DeLong v. Albert,* 157 W.Va. 874, 205 S.E.2d 683 (1974).

Viewed most strongly in favor of Mr. Bonnell, the evidence permits the conclusion that Mr. Dowey sustained a permanent, but not a major, injury as a result of the accident. He returned to his employment eight weeks after the accident and has worked continuously since that date. The evidence did not show ongoing medical treatment for the shoulder joint separation, though Mr. Dowey did continue to have pain when using his right arm. We conclude that the jury award of damages is not inadequate when the evidence is viewed most strongly in favor of the defendant.

■ Lastly, we have held that the failure to award damages for loss of consortium, when specifically proved, was a fatal flaw requiring reversal. *Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980); *Ellard v. Harvey,* 159 W.Va. 871, 231 S.E.2d 339 (1976). In this case, the jury was instructed on the loss of consortium [4] and evidently found insubstantial the only evidence about loss of consortium, *viz.,* Mrs. Dowey's testimony that her husband's injury meant he could not sleep on his right side limiting his ability to hold her while they slept. Her testimony showed no other specifically proved loss related to this injury from the accident.[5]

For the foregoing reasons, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.

---

4. Plaintiffs' Instruction No. 19.

5. The plaintiffs' brief lists a number of other assignments of error, but there is no specific discussion of these errors in the brief. Consequently, we apply our customary rule stated in Syllabus Point 6 of *Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981): "Assignments of error that are not argued in the brief on appeal may be deemed by this Court to be waived."