406 S.E.2d 691

**Ida Marie SULLIVAN and Billy H. Sullivan, Plaintiffs Below, Appellants,**

v.

**Charlotte T. LOUGH, Defendant Below, Appellee.**

No. 19745.

Supreme Court of Appeals of West Virginia.

Submitted May 8, 1991.

Decided June 27, 1991.

C. Berkley Lilly, John A. Hutchison, Gorman, Sheatsley & Hutchison, Beckley, for appellants.

G. Berk Lynch, Lynch, Mann, Smith & Mann, Beckley, for appellee.

PER CURIAM:

Ida Marie Sullivan and Billy H. Sullivan, her husband, appeal from jury verdict awarding no damages as a result of an automobile accident involving Mrs. Sullivan and Charlotte T. Lough. The jury found, on a comparative negligence basis, that Mrs. Sullivan was forty-seven per cent (47%) negligent and Ms. Lough was fifty-three per cent (53%) negligent. On appeal Mr. and Mrs. Sullivan allege that because Mrs. Sullivan's injury resulted in medical expenses, the jury's finding of no damages was in error. Since we find that the jury award was inadequate, we reverse the Circuit Court of Raleigh County and remand the case for a new trial on the issue of damages alone, applying the percentages of negligence already determined by the jury.

I.

In their first assignment of error, Mr. and Mrs. Sullivan allege that the circuit court should have directed a verdict in their favor on the issue of liability. However, the facts surrounding the automobile accident, which occurred on December 12, 1987 at the southern exit of Crossroads Mall near U.S. Route 19, were disputed. Mrs. Sullivan maintains that after she stopped at the mall exit, her car was struck in the rear by Mrs. Lough.[1] Mrs. Lough maintains that after she stopped behind Mrs. Sullivan, she noticed that it was safe to proceed and that Mrs. Sullivan was pulling out on to U.S. Route 19. Mrs. Lough also started forward and when Mrs. Sullivan stopped again without an apparent reason, Mrs. Lough hit the back of the car Mrs. Sullivan was driving. Immediately after the accident, Mrs. Lough told the state trooper that the accident was her fault. The car that Mrs. Sullivan was driving had minimal damage, a dent in the rear bumper, and the bumper and right front of Mrs. Lough's car were damaged. The repairs for Mrs. Lough's car cost $439.13.

The circuit court directed the jury to find Ms. Lough guilty of negligence that "caused or contributed to the accident," but the jury was allowed to determine whether Mrs. Sullivan was guilty of any negligence that contributed to the accident. The jury determined that Mrs. Sullivan was forty-seven per cent (47%) negligent and Mrs. Lough was fifty-three per cent (53%) negligent.

In Syllabus Point 2, *Perry v. Melton*, 171 W.Va. 397, 299 S.E.2d 8 (1982), we noted

---

1. Mrs. Sullivan was driving a 1974 Mercury Marquis that was owned by Roxie Sears, Mrs. Sullivan's mother.

the standard for reviewing a jury verdict by stating:

" 'In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.' *Syllabus* point 3, *Walker v. Monongahela Power Company,* 147 W.Va. 825, 131 S.E.2d 736 (1963)." Syllabus Point 4, *Long v. City of Weirton,* W.Va., [158 W.Va. 741] 214 S.E.2d 832 (1975).

▇ In a comparative negligence case, the fact finder's apportionment of negligence will be set aside only if it is grossly disproportionate. In Syllabus Point 3, *Reager v. Anderson,* 179 W.Va. 691, 371 S.E.2d 619 (1988), we stated:

In a comparative negligence or causation action the issue of apportionment of negligence or causation is one for the jury or other trier of the facts, and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should such issue be determined as a matter of law. The fact finder's apportionment of negligence or causation may be set aside only if it is grossly disproportionate.

*See Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61, 72 (1990); *Brammer v. Taylor,* 175 W.Va. 728, 338 S.E.2d 207 (1985); *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979).

▇ In the present case, although Mrs. Lough admitted her fault, the facts of the accident are disputed and reasonable minds can draw different conclusions concerning Mrs. Sullivan's degree of negligence.[2] Viewing the testimony, as we must, in light of the evidence most favorable to the prevailing party at trial, *see* Syllabus Point 6, *McClung v. Marion County Commission,* 178 W.Va. 444, 360 S.E.2d 221 (1987), we conclude that the circuit court properly denied Mr. and Mrs. Sullivan's motions for a directed verdict on the question of liability.[3]

## II.

Mr. and Mrs. Sullivan's other assignments of error concern the jury's failure to award damages. Although Mrs. Lough questioned whether some medical expenses were reasonable and necessary, the parties at least stipulated that the following medical expenses incurred by Mrs. Sullivan were reasonable: Raleigh General Hospital—$1435.80; Lindsay Lilly, M.D.—$595.00; Charleston Area Medical Center—$571.00; Charleston ACS Radiologists—$206.00; Beckley Hospital—$128.05; Raleigh Radiology—$214.00; Prescription—$32.58; and, Tens Unit—$85.00. The expenses that were questioned for their reasonableness and necessity were: a chiropractic bill of $4,018.00; a housework expense of $990.00; and, a lawn care expense of $360.00.

▇ First we note that "[a] party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident." Syllabus Point 3, *Bradley v. Appalachian Power Co., su-*

**2.** Mrs. Sullivan also argues that the jury instructions were in error. Based on our review of the record we find no reversible error in the jury instructions. We note that Plaintiff's Instruction No. 10, which was refused, was fairly incorporated into Plaintiff's Instruction No. 7, except for the section concerning a stop sign at the mall exit, the existence of which was disputed. *See* Syllabus Points 2, and 3, *McAllister v. Weirton Hospital Co.,* 173 W.Va. 75, 312 S.E.2d 738 (1983). The jury instructions that Mrs. Sullivan identified as having errors were primarily concerned with the liability issue, and because on remand the new trial is limited to the issue of damages, the instructions concerning liability will not be repeated.

**3.** Mr. and Mrs. Sullivan maintain that the jury used a "quotient verdict" to assign the per cent of negligence and submitted an affidavit of a member of the jury. The affidavit maintains that the jury agreed to be bound by this method; however, the affidavit also describes the extensive deliberations of the jury on the liability issue. Given the affidavit's contradictory information, the doubt should be resolved in favor of the jury's verdict. *See Kimball v. Walden,* 171 W.Va. 579, 301 S.E.2d 210 (1983) (for a discussion of a quotient verdict); *Javins v. Workers' Compensation Comm'r,* 173 W.Va. 747, 320 S.E.2d 119, 132 (1984).

*pra; King v. Kayak Manufacturing Corp.,* 182 W.Va. 276, 387 S.E.2d 511, 514 (1989). We also view the evidence concerning damages most strongly in favor of the defendant.

In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant.

Syllabus Point 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983).

Our long recognized criteria for awarding damages that were caused by negligence were stated in Syllabus Point 1, *Landau v. Farr,* 104 W.Va. 445, 140 S.E. 141 (1927):

In an action for personal injuries, no recovery can be had for medical attention and nursing, unless it appears from the evidence that the same were fairly necessary and that the charges therefor are reasonable.

Mrs. Sullivan testified that immediately after the accident her neck and head started hurting and she went to the Raleigh General Hospital where she was given a support collar for her neck and a prescription. Raymond Lindsay Lilly, Jr., M.D., a neurological surgeon, began treating Mrs. Sullivan in January 1988. Dr. Lilly recommended Mrs. Sullivan have a myelogram and a CAT Scan. Mrs. Sullivan's myelogram was normal and her CAT scan revealed "some minimal bulging of the lowest two disks." Dr. Lilly testified that his diagnosis of muscular back pain with irritation of the nerves to the lower extremities was consistent with a rear-end automobile accident. The expenses for the above-described treatment, about $3,270, were stipulated by the parties to be reasonable.

At the defendant's request, Mrs. Sullivan was examined on September 12, 1988 by Andrew E. Landis, M.D., an orthopedic surgeon. Dr. Landis said that Mrs. Sullivan had a 20 percent restriction in the motion of her spine "due to subjective complaints of pain in the lower back region." Dr. Landis said that Mrs. Sullivan "had a minimal impairment as a result of this soft-tissue injury to her back."

Mrs. Lough questioned the necessity of the medical treatment because (1) Mrs. Sullivan was in an automobile accident in 1985; (2) Mrs. Sullivan failed to inform the investigating trooper that she was hurt; and (3) Mrs. Sullivan's complaints changed from her neck to her back. However, according to Dr. Landis, the defendant's medical expert, the 1985 accident injured Mrs. Sullivan's upper back on the right side. Mrs. Sullivan testified that she told the state trooper who investigated the accident that her head and neck were hurting. Both physicians testified that Mrs. Sullivan's injuries were consistent with being involved in a rear-end automobile accident.

Mrs. Sullivan also sought treatment from Harold R. Fleschner, a chiropractor, because her appointment with Dr. Lilly was delayed until January 11, 1988, almost a month after the accident. Over a seven month period Mrs. Sullivan received 53 chiropractic treatments at a total cost of $4,018. The necessity of the chiropractic treatments was challenged because Mrs. Sullivan was under the care of Dr. Lilly who testified that Mrs. Sullivan said that the chiropractic treatments were making her worse. Dr. Lilly said that Mrs. Sullivan should have discontinued the treatments. Mrs. Sullivan testified that the chiropractic treatments relieved her pain for a day or two and that Dr. Lilly recommended that she discontinue treatment. Dr. Landis also questioned the necessity of the chiropractic treatments. Dr. Landis testified that the benefits of chiropractic treatment were limited to "a couple of weeks or a month...."

Mrs. Lough also questioned whether the expenses for housework, $990, and lawn care, $360, were reasonable and medically necessary. Mrs. Sullivan testified that after the accident she could do no housework and hired a person to work two or three days a week for the three months immediately after the accident at a cost of $990. Mrs. Sullivan testified that although she did all the yard work before the accident, she had to hire somebody to mow the yard at a cost of $360. Mr. Sullivan testified that he was physically able to mow the

264

yard and help with the housework but he chose to pay somebody else.

Mrs. Sullivan also testified that because of the pain from her back injury, the frequency of her sexual relations with her husband had decreased from two or three times a week to once or twice a month. Mr. Sullivan testified that after the accident their sexual relations had decreased to "[o]nce a week, maybe every other week."

 The standards for reviewing the adequacy of a damage award were enunciated in *Freshwater v. Booth*, 160 W.Va. 156, 233 S.E.2d 312 (1977). Under the typology developed in *Freshwater*, the present case is a Type 4 case in which "while the plaintiff would not be entitled to a directed verdict on the matter of liability, the issue of liability has been so conclusively proven that an appellate court may infer that the jury's confusion was with regard to the measure of damages and not to liability." *Id.*, 160 W.Va. at 164, 233 S.E.2d at 317. In this type case, a remand "for a new trial on the issue of damages alone ..." is justified. *Id.* In Syllabus Point 2, *Keiffer v. Queen*, 155 W.Va. 868, 189 S.E.2d 842 (1972), we held:

"A verdict of a jury will be set aside where the amount thereof is such that, when considered in light of the proof, it is clearly shown that the jury was misled by a mistaken view of the case." Syllabus Point 3, *Raines v. Faulkner*, 131 W.Va. 10 [48 S.E.2d 393 (1947)].

In Syllabus Point 1, *Keiffer, supra,* we stated:

Damages may be recovered for substantial injuries, and the resulting pain and suffering, if any, even though the injuries are not of a permanent nature.

In the present case, it appears that Mrs. Sullivan sought medical treatment immediately after the accident. Although the reasonableness and the necessity of Mrs. Sullivan's expenses for the chiropractic treatments, housework and lawn care present a factual question, the medical expenses relating to Mrs. Sullivan's immediate treatment and her later treatment directed by Dr. Lilly were stipulated as reasonable and based on the record also appear to have been necessary. We also note that Mrs.

Sullivan did not receive any compensation for her pain and suffering. *See Freshwater, id.*, 160 W.Va. at 162, 233 S.E.2d at 316 (requiring reasonable compensation for pain and suffering); Syllabus Point 3, *Kaiser, supra; King v. Bittinger*, 160 W.Va. 129, 231 S.E.2d 239 (1976); *Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967).

We have also held that the failure to award damages for loss of consortium, when specifically proven, is a fatal flaw requiring reversal. *See Talkington v. Barnhart*, 164 W.Va. 488, 495, 264 S.E.2d 450, 454 (1980); *Ellard v. Harvey*, 159 W.Va. 871, 231 S.E.2d 339 (1976). In the present case the record indicates that there was a loss of consortium.

 Mrs. Sullivan maintains that in his closing argument Mrs. Lough's counsel improperly argued "not to send his client back to Arizona with the burden of any substantial verdict being found against her." In *Graham v. Wriston*, 146 W.Va. 484, 120 S.E.2d 713 (1961), we held that a "jury should not be apprised in any way that the defendant is not insured against liability...." *See Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983). Given the context of the remark and the fact that liability as well as damages were being contested, we do not find this one isolated remark improper. We also note that the trial judge found no fault and we accept his decision.

"Courts are reluctant to set aside a jury's award of damages unless it is clearly shown that the award was inadequate. (Citations omitted)." *Dowey v. Bonnell*, 181 W.Va. 101, 380 S.E.2d 453, 457 (1989). Even when viewed most strongly in favor of Mrs. Lough, the evidence shows that Mrs. Sullivan was injured in the accident and had, at least, some medical expenses that were reasonable and necessary. We conclude that the jury's award of no damages was clearly inadequate and we remand the case for a trial of the issue of damages alone.

For the above stated reasons, the decision of the Circuit Court of Raleigh County

is reversed and the case is remanded for a new trial on the issue of damages alone.

Reversed and remanded.