CLARENCE E. KING *and* LILLIAN B. KING

*v.*

JOSEPH BITTINGER

(No. 13588)

Decided December 21, 1976.

*Herschel Rose* for appellants.

*Furbee, Amos, Webb & Critchfield, Kenneth R. Miller* for appellee.

FLOWERS, JUSTICE:

This is an appeal from a judgment of the Circuit Court of Marion County entered in a personal injury action instituted by Clarence E. King and Lillian B. King, as plaintiffs, against Joseph Bittinger, as the defendant. Clarence King sought to recover damages for personal injuries sustained when the vehicle he was operating was struck in the rear by a pick-up truck driven by the defendant. Lillian King sought recovery for loss of consortium resulting from her husband's injuries.

The case was tried before a jury. Judgment was entered by the trial court in accordance with a verdict in favor of the defendant and against the plaintiff, Lillian King, and in favor of the plaintiff, Clarence King, in the amount of $547.86 and against the defendant. The plaintiffs by written motions sought to have the verdicts set aside and a new trial awarded. Upon the trial court's refusal to grant the motions, the plaintiffs prosecuted this appeal.

The accident which gave rise to this action occurred at 11:30 a.m. on U. S. Route 250 in Marion County. The highway was wet and the situs of the collision was in the middle of a sweeping curve.

Clarence King was a rural postman who was delivering mail to the boxes along the highway. King had pulled his 1971 Bronco stationwagon onto the berm of the highway. He was reaching across the seat of his car with his hand in the mailbox when his vehicle was struck from the rear. The defendant, who was negotiating the curve in the highway, in reaction to the flashing taillights on a car preceding him, "hit the brake" and slid forward and sideways into the King vehicle.

King suffered injuries to his left wrist and hand. There was blood in his mouth resulting from a cracked

cap on a tooth. He experienced stiffness in his shoulder and neck area and his wrist became numb.

King's wife, Lillian, took him to Fairmont Emergency Hospital, where he was x-rayed and given medication for pain. He was examined later in the day by Dr. Paul Gotses, his family physician. Gotses diagnosed the injuries as a cervical strain and a strain of the left wrist. He prescribed physical therapy and medication for the pain.

King returned to work a week after the accident but was unable to perform his duties. In the months following the accident, he was only able to work intermittently. He missed 50 days of work because of the stiffness and discomfort in his neck and back.

The medical bills incurred by King were stipulated to be $547.86, the exact amount of the jury verdict. The damages awarded Clarence King included no amount for pain and suffering and nothing for loss of wages. The jury returned a verdict in favor of the defendant and against Lillian B. King upon her claim of loss of consortium.

The central issue in this appeal relates to the denial of the plaintiffs' motions to set aside the verdicts and grant the plaintiffs a new trial. The motions were based upon the grounds that the damages awarded Clarence King were inadequate and the verdict adverse to his wife's claim was contrary to the law and the evidence. The plaintiffs also contend that a new trial is mandated because of the trial court's error in instructing the jury on the issue of contributory negligence. Resolution of the propriety of the trial court's action, therefore, involves a number of considerations: (A) the sufficiency of the evidence supporting an instruction on contributory negligence; (B) the adequacy of the damages reflected in the verdicts; and (C) the scope of a new trial if one is required.

## A.

The plaintiff testified that he had driven his vehicle completely off the highway onto the berm prior to the

collision. It is undisputed that the mailbox to which he was making a delivery was located six inches outside the guardrail which paralleled the highway pavement. King stated that he had reached across the front seat of his car and had his hand in the mailbox when the collision occurred. The defendant does not controvert these facts, nor does he dispute that the plaintiff was stopped.

The defendant's sole explanation of the collision is that he applied his brakes in reaction to the flashing taillights of a vehicle preceding him and slid into the plaintiff's automobile. He admits that he did not see the plaintiff until the moment of the collision. Whether he failed to see King as a result of distraction or obstruction is not apparent from the record.

The only facts, therefore, upon which an instruction of contributory negligence could be based are those inferred from other evidence. The width of the King vehicle was four feet. King and the deputy, who investigated the accident, gave conflicting testimony concerning the width of the berm. The deputy testified the berm was three feet wide at a point "ten to fifteen feet in front" of the plaintiff's vehicle where it had been knocked along the guardrail, forty feet from the point of impact. King stated the berm was more than four feet wide at the Whinnie mailbox where he had stopped. The King vehicle could have been completely off the highway pavement or one foot of it could have extended onto the highway, depending upon the actual width of the berm.

The record in this case is similarly in conflict on the distance which the King vehicle may have been visible to drivers overtaking it from the rear.[1] The plaintiff testified that the road ahead was visible for six hundred feet and the defendant stated that his visibility was less than one hundred feet. Counsel referred to the course of

---

[1] We note that W. Va. Code, 17C-13-1(a), as amended, prescribes certain duties regarding stopped or standing vehicles on highways, particularly in reference to visibility. No instructions based on this duty, however, were offered to the trial court for consideration.

the highway as "a blind curve" or "a sweeping curve to the left", depending upon the respective interest of their clients. No direct testimony on this point, save the content of counsel's questions, was adduced at the trial.

We have adhered to the principle that slight evidence will support an instruction of the defendants' theory of the case, even though a verdict if rendered thereon would have to be set aside. *Skeen v. C and G Corp.*, 155 W. Va. 547, 185 S.E.2d 493 (1971); *Moore v. Burriss*, 132 W. Va. 757, 54 S.E.2d 23 (1949). In consonance with the rule we must uphold the trial court's action in giving the instruction on contributory negligence. The inference which could have been drawn from the conflicting evidence on the width of the berm, coupled with the location of the vehicle in a place where visibility might have been limited, provides a sufficient basis under our rule of "slight evidence" to justify the instruction.[2]

### B.

The plaintiff, Clarence King, predicates his right to a new trial upon the inadequacy of the damages awarded him and his wife maintains that her adverse verdict is contrary to the law and the evidence.

---

[2] We are impressed by the rationale of our sister State as to the folly of requiring an instruction on the basis of evidence so slight that a court would be compelled to reverse a verdict based upon it, but we choose not to disturb a considerable line of West Virginia precedent on this occasion. The Virginia Court in *Chesapeake & O. Ry. Co. v. F. W. Stock & Sons*, 104 Va. 97, 108, 51 S.E. 161, 165 (1905), said:

"It is true that what is known as the 'scintilla doctrine' has heretofore prevailed in this state, by force of which courts have been required to give instructions, though the evidence by which they were to be supported was such that a verdict founded upon it could not be maintained. In other words, a trial court might, under what is known as the 'scintilla doctrine,' be reversed for failure to give an instruction which rightly propounded the law, and then be again reversed for sustaining a verdict in obedience to the instruction, because not supported by sufficient evidence. Such a doctrine does not seem consonant with reason, nor promotive of good results in the administration of justice."

The defendant, however, urges that a new trial is unwarranted on these premises because the verdicts constitute a verdict for the defendant perversely expressed. This principle, announced in *Coakley v. Marple*, 152 W. Va. 68, 159 S.E.2d 378 (1968), recognizes that a jury verdict in favor of a plaintiff for a nominal amount, rendered upon evidence so inadequate that had it been returned for the defendant it could not have been disturbed by the trial court, is in reality a verdict for the defendant "perversely expressed."

We applied the "perversely stated verdict" rule in *Shields v. Church Brothers, Inc.*, 156 W. Va. 312, 193 S.E.2d 151 (1972), where the evidence reflected a serious question of liability and the verdict was returned solely for the amount of the plaintiff's medical bills. Application of the *Coakley* rule in *Shields* was based upon the award of only nominal damages and evidence which reflected that had a verdict for the defendant been returned it could not have been set aside.

Since *Shields* we have twice refused to apply the rule in cases where the liability of the defendant was adequately established by record. *Kesner v. Trenton*, ____ W. Va. ____, 216 S.E.2d 880 (1975); *DeLong v. Albert*, 157 W. Va. 874, 205 S.E.2d 683 (1974).

We are not persuaded that the posture of the record in this case provides a clear basis for determining that had a verdict for the defendant been returned it would not be set aside. The only evidence of contributory negligence is the inference that the plaintiff's vehicle may have protruded onto the road by as much as one foot. The defendant did not claim this caused the accident. His sole explanation of the occurrence is that he reacted to the flashing taillights of the vehicle preceding him by applying his brakes. The consequent result was that his vehicle skidded into the plaintiff's Bronco which was stopped along the highway.

Under our slight evidence rule, the trial court was justified in instructing the jury on the issue of contributory negligence. The evidence is not sufficient, however,

to apply the perverse verdict rule and spare a verdict had it been for the defendant from being set aside. The verdict thus not being one for the defendant perversely expressed, we must continue our examination of it for adequacy.

We agree with the plaintiff, Clarence King, that the damages awarded him are inadequate. The verdict does not reflect the elements of damage which King proved at trial. In addition to the $547.86 of stipulated medical expenses, King stated that he missed 50 days of work for which, at a daily rate of $60.18, he would have been entitled to recover $3,009.00. Whether the defendant actually "lost wages" as a result of his absence from work or was recompensed under a sick-pay plan is immaterial. We held in *Ellard v. Harvey*, ____ W. Va. ____, 231 S.E.2d 339, (1976), that a claim for lost wages is not barred because payments had been made by a third party in accordance with a sick leave policy.

King and his wife testified concerning the pain and discomfort that resulted from the injuries and the consequent curtailment and limitation of normal activity he experienced. Whether the jury considered the testimony of Dr. Sidow, the defendant's expert witness, that the pain resulted from a trauma which activated a pre-existing arthritic condition, or the testimony of Dr. Gotses, that the injury produced muscle spasms affecting an abnormal curvature of the spine, it is clear that the injuries sustained in the accident produced the symptoms of which King complained. He was, therefore, entitled to be recompensed for those injuries and the consequent pain, suffering and pecuniary loss. Where a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside. *Hall v. Groves*, 151 W. Va. 449, 153 S.E.2d 165 (1967).

Moreover, the jury verdict in favor of the defendant and against Lillian King is contrary to the law and the

evidence. A married woman may sue and recover for loss of consortium to the same extent as a married man. W. Va. Code, 48-3-19a, as amended. Consortium is a right, arising from the marital union, to have performance by a spouse of all the duties and obligations assumed by the marriage relationship, including the right to society, companionship and services. *Shreve v. Faris*, 144 W. Va. 819, 111 S.E.2d 169 (1959). Mrs. King testified that her husband is unable to assist her by performing certain tasks of repair and maintenance on their home and automobiles or to take her on weekend trips as he had done before the accident. The record establishes sufficient evidence upon which to base her claim for loss of consortium resulting from the injuries her husband incurred.

## C

Having determined that the damages awarded Clarence King were inadequate in light of the evidence, we must reverse the trial court and award the plaintiffs a new trial. Clarence King seeks a new trial on the single issue of damages or in the alternative a new trial on all issues.

We are not inclined in the circumstances of this case to limit the scope of the trial to damages. Such limitation is only permissible when: (1) the issue of damages is separate and distinct from the issue of liability; (2) the liability of the defendant is definitely established; and (3) the limitation will not operate to the prejudice of the defendant. *Shields v. Church Brothers, Inc., supra.*

> " '. . . It has frequently been stated, furthermore, that the power to limit the new trial to the issue of damages must be exercised with caution, and it has been held that any doubt as to the propriety of such limitation must be resolved against it.' " *Annot.*, 85 A.L.R.2d 9, 26.

Since we remain committed to the "slight evidence" rule and have upheld the instruction on contributory negligence, we have not taken the matter of liability out of the hands of the jury. In these circumstances, the evidence does not definitely establish the liability of the

defendant as was the case in our previous decisions limiting the scope of a new trial. *DeLong v. Albert, supra; Biddle v. Haddix*, 154 W. Va. 748, 179 S.E.2d 215 (1971); *England v. Shufflebarger*, 152 W. Va. 662, 166 S.E.2d 126 (1969); *Hall v. Groves, supra;* and *Richmond v. Campbell*, 148 W. Va. 595, 136 S.E.2d 877 (1964).

For reasons stated in this opinion, the judgment of the Circuit Court of Marion County is reversed, the verdicts are set aside and a new trial is awarded.

I am authorized to state that Justices Caplan and Wilson would have reversed the judgment of the Circuit Court and awarded a new trial upon the single issue of damages.

> *Judgments reversed; verdicts set aside; new trial awarded.*