364 S.E.2d 269

**Robert D. SNYDER,**

v.

**Roy Thurman WOODS, etc., and Ronald Brown, etc.**

**No. 17636.**

Supreme Court of Appeals of West Virginia.

Dec. 21, 1987.

---

Arden J. Curry, Arden J. Curry, II, Charleston, for Snyder.

William E. Mohler, Charleston, for Woods.

John L. MacCorkle, Charleston, for R. Brown.

PER CURIAM:

The plaintiff, Robert D. Snyder, appeals a jury verdict from the Circuit Court of Kanawha County in the amount of $3,000. He contends the verdict is inadequate in view of his proved medical and travel expenses, and he requests a new trial on the issue of damages.

On January 25, 1980, the plaintiff was riding as a passenger in an automobile operated by Ronald Brown. He received a whiplash-type injury when the Brown vehicle was struck by a car operated by Roy Thurman Woods while at an intersection in South Charleston. There is no issue presented as to liability on the part of Brown and Woods.[1]

After the accident, the plaintiff was taken to the emergency room of Thomas Memorial Hospital, where he was examined, x-rayed, and treated with a muscle relaxant. Thereafter, the plaintiff experienced tenderness in his upper back, restricted neck motion, and back pain, and he promptly sought treatment from an osteopathic physician, J. Loren Smith. From February 1980 to July 1982, Dr. Smith treated the plaintiff on some eighty-three occasions. The treatments consisted principally of heat therapy and muscle massage and manipulation.

It was Dr. Smith's testimony that in July, 1982, he determined that the treatments were not providing adequate relief, and he referred the plaintiff to Thomas L. Shaffer, a specialist in back injuries and a professor at the West Virginia School of Osteopathic Medicine in Lewisburg. The plaintiff proceeded to visit Dr. Shaffer on a regular basis during the years 1982 to 1985.

Dr. Shaffer stated that the plaintiff had initially showed steady improvement as a result of treatments, but had reached a plateau of recovery. He therefore concluded that the back and neck injury was permanent in nature. He also stated that the pain in the affected area would persist, and would radiate at times into the head and thoracic spine. It was his opinion that the plaintiff would require future treatments, at approximately six week intervals, to alleviate the pain.

At trial, the plaintiff introduced bills and testified regarding medical expenses in the amount of $3,111.93. He also proved expenses of approximately $2,200 for travel to the two physicians for treatment. The jury returned a verdict of only $3,000.

The issue of inadequacy of the jury verdict, where liability is undisputed, is controlled by Syllabus Point 1 of *DeLong v. Albert*, 157 W. Va. 874, 205 S.E.2d 683 (1974):

---

1. The jury, in answer to special interrogatories, assigned 50 percent of the negligence to each of the defendants, Woods and Brown. The circuit court had ruled in advance of trial that the plaintiff could not be found guilty of any negligence.

"Where liability is not in issue and the verdict of the jury does not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdict will be set aside."

*See also Delong v. Kermit Lumber & Pressure Treating Co.,* 175 W.Va. 243, 332 S.E.2d 256 (1985); *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983); *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239 (1976); *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967).

Applying the rule in *DeLong,* we conclude the verdict was clearly inadequate and cannot be sustained. Testimony by the plaintiff, which was uncontroverted at trial, showed medical bills in the amount of $3,111.93 were paid and incurred as a result of the accident. These costs were, under W.Va.Code, 57-5-4j, prima facie reasonable and necessary. There was also no dispute as to the mileage costs incurred for travel to and from the physicians for treatment.

Drs. Smith and Shaffer testified that the plaintiff's back and neck condition was permanent, that the pain would recur, and that additional treatment would be necessary. The verdict did not include any award for the proved future medical costs, or for past or future pain and suffering. It was, therefore, manifestly inadequate. We, therefore, reverse the judgment of the Circuit Court of Kanawha County and remand the case for a new trial on the damage issue.

Reversed and Remanded.