391 S.E.2d 905

**Roscoe ALLEN and Ivory Elsie Allen**

v.

**Dixie Lee MINNICK and Carrie Cadle.**

**No. 19079.**

Supreme Court of Appeals of West Virginia.

April 12, 1990.

Clyde A. Smith, Jr., Lynch, Mann, Smith & Mann, Beckley, for Dixie Lee Minnick and Carrie Cadle.

John D. Wooton, Wooton, Wooton & Fragile, Beckley, for Roscoe Allen and Ivory Elsie Allen.

## PER CURIAM.

The defendants, Dixie Lee Minnick and Carrie Cadle, appeal from a judgment of the Circuit Court of Raleigh County, which found a jury verdict in favor of Ivory Elsie Allen in the amount of $100 inadequate as a matter of law and granted a new trial on the sole issue of damages.

On October 22, 1984, Mrs. Allen was a passenger in a vehicle driven by her husband, Roscoe Allen. The Allen vehicle collided with a car driven by Mrs. Minnick and owned by Ms. Cadle, who was also a passenger. The collision occurred at the K–Mart parking lot in Beckley, West Virginia. Neither of the defendants was injured, and there was slight damage to the plaintiffs' vehicle.

Mr. and Mrs. Allen sued the defendants for damages to their vehicle and for Mrs. Allen's injuries. Mrs. Allen testified that after the collision, she developed a severe headache which recurred intermittently in the following weeks. A pain in her neck gradually worsened, and, on December 17, 1984, she sought treatment from Andrew E. Landis, M.D., an orthopedic surgeon.

Dr. Landis testified that on his initial examination of Mrs. Allen, she had a 30 percent limitation of motion in her neck with mild tenderness in the neck muscles. X-ray studies showed no degenerative changes in the cervical spine. After two years of treatment, Dr. Landis testified that there were permanent changes in Mrs. Allen's neck and a permanent condition of degenerative arthritis. Dr. Landis believed, to a reasonable degree of medical certainty, that the injury contributed to the progression and development of the arthritis. He also stated that Mrs. Allen would need to see an orthopedic surgeon about three or four times a year in the future.

During the trial, the parties stipulated that the medical bills incurred by Mrs. Allen totaled $948.55. The jury initially awarded no damages to Mrs. Allen. The trial court then instructed the jury that Roscoe Allen's negligence was not imputed to Mrs. Allen and sent the jury back to deliberate on the amount of damages Mrs. Allen should recover. The jury returned with an assessment of damages for Mrs. Allen in the amount of $100. The trial court thereupon declared a mistrial and ordered a new trial solely on the issue of the amount of damages to be awarded Mrs. Allen.

■ This Court spoke about inadequacy of a jury verdict where liability is undisputed in Syllabus Point 1 of *DeLong v. Albert,* 157 W.Va. 874, 205 S.E.2d 683 (1974):

> "Where liability is not in issue and the verdict of the jury does not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdict will be set aside."

*See also Snyder v. Woods,* 178 W.Va. 741, 364 S.E.2d 269 (1987); *Delong v. Kermit Lumber & Pressure Treating Co.,* 175 W.Va. 243, 332 S.E.2d 256 (1985); *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983); *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239 (1976); *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967). *See generally* Annot., 85 A.L.R.2d 9 (1979); Annot., 15 A.L.R.4th 294, 457 (1982).

■ The defendants rely on *Kaiser v. Hensley, supra,* and argue that, viewing the evidence most strongly in their favor, the jury could reasonably conclude that the medical expenses incurred by Mrs. Allen were not the proximate result of the car accident. They contend that the jury's award is supported by Mrs. Allen's delay in

seeking treatment from Dr. Landis. They also claim that Dr. Landis and Mrs. Allen testified that before the accident occurred she had a pre-existing arthritic condition.

However, the evidence does not support the defendants' assertions. Dr. Landis testified that Mrs. Allen had reported no history of any neck problem before the accident. The original 1985 x-ray showed no cervical degenerative condition, according to Dr. Landis. He also stated that her neck motion was limited at the first examination. Mrs. Allen did not testify that she had any arthritis in her neck. The defendants did not introduce any contrary medical evidence.

Under *DeLong v. Albert, supra,* we conclude that the verdict was clearly inadequate. Dr. Landis's uncontroverted testimony was that the neck condition was caused by the accident, that it was permanent, and that it would require additional treatment. The parties stipulated to medical bills, incurred and paid as a result of the accident, in excess of $900. The verdict did not cover the costs incurred and paid and included no award for future medical costs or past or future pain and suffering. It was, therefore, manifestly inadequate.

We, therefore, affirm the judgment of the Circuit Court of Raleigh County which ordered a new trial solely on the issue of the amount of damages to be awarded Mrs. Allen.

Affirmed.