400 S.E.2d 263

**Martha J. RICE, Administratrix of the Estate of Joyce Gale Rice**

**v.**

**Larry E. RYDER and Steven W. Ryder.**

**No. 19386.**

Supreme Court of Appeals of West Virginia.

Dec. 6, 1990.

**256**

Everette F. Thaxton, Norman T. Daniels, Charleston, for Martha J. Rice.

Edward M. Kowal, Jr., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, Carl F. Stucky, Jr., Steptoe and Johnson, Charleston, for Larry E. Ryder and Steven W. Ryder.

BROTHERTON, Justice:

The appellant, Martha J. Rice, Administratrix of the Estate of Joyce Gale Rice, appeals from the December 23, 1988, order of the Circuit Court of Kanawha County, which awarded the appellant $181,231.05 in damages as a result of a wrongful death action she initiated in that court following the death of her daughter.

Joyce Gale Rice, age twenty-nine, was struck and killed by a car which was jointly owned by Steven W. Ryder and Larry E. Ryder, and which was being driven by Steven W. Ryder, on May 24, 1986. She was unmarried and had no children at the time of her death. As the personal representative of her daughter's estate, the victim's mother subsequently filed suit under the West Virginia Wrongful Death Act (W.Va. Code §§ 55-7-5, 55-7-6, and 55-7-7). The defendant denied that he was negligent and counterclaimed for damages to his car. On May 12-18, 1988, the issues were tried without a jury before the Circuit Court of Kanawha County.

At trial, the appellant introduced evidence that the decedent had been enrolled in the data information processing curriculum at Garnet Career Center in Charleston for two years. An expert testified to her reasonably expected income for her anticipated work life and concluded that the decedent's total lost income and benefits net of consumption and reduced to present value net of inflation as of the date of the trial was $401,934.27.

In an opinion order dated December 23, 1988, the court found that the appellee, Steven W. Ryder, was 60% negligent and "was the primary proximate cause of the accident in that he failed to keep a proper lookout, overdrove his lights, failed to reduce his speed when blinded by the head lamps and otherwise exceeded the speed limit." The court also found that the decedent's own negligence "contributed to the accident to a comparative degree of forty percent. This negligence consisted of placing herself in a position of danger and

failing to maintain a proper lookout thereby contributing to the fatal accident."

■ Applying the principle of comparative negligence and reducing the appellant's total award by 40%, the court awarded the appellant $180,000 in damages for sorrow, mental anguish and solace, as well as $1,231.05 for reasonable funeral expenses.[1] However, the court did not award any damages pursuant to W.Va.Code § 55–7–6(c)(1)(B) (1985) for compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care and assistance provided by the decedent. The appellant now argues that although she and the decedent's father, brother and sister were not financially dependent upon the decedent, financial dependency is not a prerequisite to recovery under W.Va.Code § 55–7–6 (1985). We agree and, for the reasons set forth below, we reverse and remand this case to the Circuit Court of Kanawha County.

West Virginia Code § 55–7–6(c)(1) (1989) delineates the types of damages which may be awarded under the Wrongful Death Act. Specifically, § 55–7–6(c)(1) provides that:

The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) *compensation for reasonably expected loss of (i) income of the decedent, and* (ii) services, protection, care and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses. (Emphasis added.)

In this case, the circuit court found that "there was no financial dependence upon decedent" by her family and concluded that the type of damages envisioned by W.Va. Code § 55–7–6(c)(1)(B) (1985) were not recoverable. The court cited *Bond v. City of*

*Huntington,* 166 W.Va. 581, 276 S.E.2d 539, 543 (1981), in support of this finding. As in the case now before us, the question in *Bond* was whether the surviving parents of a deceased unmarried daughter could recover for pecuniary losses arising from her wrongful death. However, as the appellant now points out, *Bond* was decided under the 1965 version of W.Va.Code § 55–7–6, which contained a "dependency requirement" for all family members. West Virginia Code § 55–7–6 (1965) provided, in relevant part, that:

In addition, the jury may award such further damages, not exceeding the sum of one hundred thousand dollars, as shall equal the financial or pecuniary loss sustained by the *dependent distributee or distributees of such deceased person,* and shall be distributed as though part of the decedent's estate to *decedent's dependent distributes* in the proportions provided by the laws of descent and distribution. (Emphasis added.)

■ In *Bond,* the decedent was eighteen years old and employed, living with parents to whom she contributed household services but no direct monetary support. Addressing the issue of dependency, this Court stated that:

... it is clear that we have interpreted W.Va.Code, 55–7–6 (1965) to mean that there must be some showing of legal or factual dependency at the time of death to recover for pecuniary loss. While legal dependency is easily shown, factual dependency can be shown by evidence that the deceased rendered services for which a monetary value can be estimated.

*Bond,* 166 W.Va. at 589–90, 276 S.E.2d at 544. We noted in *Bond* that "[n]ot only has the Legislature liberalized the wrongful death recovery statute through the years, but this Court has adopted a liberal construction of the statute from our earli-

---

1. West Virginia Code § 55–7–6 (1989) provides, in part, that "[t]he verdict of the jury shall include, but may not be limited to, damages for ... (a) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; ... and (d) reasonable funeral expenses."

est cases." *Id.*, 166 W.Va. at 585, 276 S.E.2d at 541.

In 1976, the Legislature enacted a new "fair and just" compensation standard for recovery in wrongful death actions. West Virginia Code § 55–7–6 was "substantially broadened" and the dependency requirement was removed for parents, brothers and sisters and retained only as to the remainder class. *Id.* at 541. The 1976 Act stated, in pertinent part:

> In any such action for wrongful death the jury may award such damages as to it may seem fair and just, and may direct in what proportion they shall be distributed to the surviving spouse and children, including adopted children and stepchildren, and grandchildren of the deceased, *or if there be none such, then to the parents, brothers and sisters of the deceased,* if there be none such, only then to such person or persons who were dependent upon the decedent for support. (Emphasis added.)

Amendments to W.Va.Code § 55–7–6(b) in 1985 directed that persons other than family members who were dependent upon the decedent for support would receive damages before parents and siblings. However, this section, which was applied by the lower court in this case, still did not require that parents and siblings be dependent upon the decedent in order to recover damages. West Virginia Code § 55–7–6(b) (1985) stated:

> In every such action for wrongful death the jury, or in a case tried without a jury, the court, may award such damages as to it may seem fair and just, and, after making provision for those expenditures, if any, specified in subdivision (2), subsection (c) of this section, may direct in what proportion the remaining net damages shall be distributed to the surviving spouse and children, including adopted children, stepchildren and grandchildren of the deceased, and other persons, if any who were dependent upon the decedent for support, in whole or in part, or if

there be none such, *then to parents, brothers and sisters of the deceased,* or if there be none such, then to such other persons, if any, entitled to inherit pursuant to the provisions of section one, article one, chapter forty-two of this code, unless the jury shall by its verdict allocate the remaining net amount in differing amounts and proportions among any surviving spouse, children, adopted children, stepchildren, grandchildren, other dependents, parents, brothers and sisters of the deceased. Where the matter was tried without a jury the court may find upon just and equitable principles that such net amount recovered should be distributed to such last named persons in different amounts and proportions, in which event the court shall make written findings of fact and then and there order such remaining net damages distributed to those persons in such amounts and proportions as the court finds to be fair, just and equitable. (Emphasis added.)

At this point, we note that subsequent to the lower court's decision, amendments to W.Va.Code § 55–7–6 in 1989 effectively rewrote subsection (b). West Virginia Code § 55–7–6(b) (1989) retains the "fair and just" compensation standard and is void of a dependency requirement, but it now states that:

> In every such action for wrongful death the jury, or in a case tried without a jury, the court, may award such damages as to it may seem fair and just, and, after making provision for those expenditures, if any, specified in subdivision (2), subsection (c) of this section, shall direct that the remaining net damages be distributed in accordance with the decedent's will or, if there be no will, in accordance with the laws of descent and distribution as set forth in chapter forty-two of this code [§ 42–1–1 et seq.].[2]

In the case now before us, the lower court found that although the decedent had

---

2. West Virginia Code § 55–7–6(c)(2) (1989) provides:

> In its verdict the jury shall set forth separately the amount of damages, if any, awarded by it for reasonable funeral, hospital, medical and said other expenses incurred as a result of the

wrongful act, neglect or default of the defendant or defendants which resulted in death, and any such amount recovered for such expenses shall be so expended by the personal representative.

been attending Garnet Career Center, she had no previous work history and had not provided any money to her parents, brother or sister, and thus there was no financial dependence upon the decedent. On this point, the court concluded:

> There is evidence that decedent performed certain services at the home of her parents but there is no evidence as to the value thereof. Accordingly, as a finding of fact and law the Court finds that *these damages* are not recoverable, as such, in this action under W.Va.Code, 55–7–6....
>
> The evidence of plaintiff as to the expectation of forming a family accounting business and of the expected loss of income is speculative and therefore not considered by the Court as pecuniary loss.

Then, in a footnote, the court added:

> Martha Rice testified that decedent did the laundry, some of the cooking, took care of the dogs, paired her father's socks, made cookies and listened to family problems.
>
> Under the Amendment in 1985 it appears that *damages of this type* are contemplated under section [§ 55–7] 6(c)(1)(A) and the court made allowance accordingly in the award of damages. (Emphasis added.)

■ The lower court is ambiguous in its references to "these damages," which it said were not recoverable in this case, and "damages of this type," which it allowed for in its award of damages. It is clear, however, that the court did not award the appellant damages for the "reasonably expected loss of income of the decedent." If the lower court failed to award the appellant any of the damages contemplated by W.Va.Code § 55–7–6(b) (1985) simply because the decedent's family was not financially dependent upon her, it was clearly in error. West Virginia Code § 55–7–6 (1985) did not require that parents, brothers, or sisters be financially dependent upon the decedent in order to receive "compensation for reasonably expected loss of income of the decedent, and services, protection, care

and assistance provided by the decedent...."

■ Thus, we conclude that in a wrongful death action, a showing of financial dependency upon the decedent is not a prerequisite to recovery of the damages specified in W.Va.Code § 55–7–6(c)(1) (1989). West Virginia Code § 55–7–6(b) (1989) now simply directs that damages awarded in an action for wrongful death shall be distributed in accordance with the decedent's will or, if there is no will, in accordance with the laws of descent and distribution as set forth in W.Va.Code § 42–1–1 *et seq.*

The appellant urges this Court to modify the December 23, 1988, order of the Circuit Court of Kanawha County to include an additional award of $401,934.27 for compensation for the reasonably expected loss of income of the decedent which, when reduced 40% to reflect the decedent's comparative negligence, would total $241,160.56. However, the appellee argues that in cases in which there is an inadequate verdict for a plaintiff and liability is contested, the case should be remanded for a new trial of both the liability and damages issues.

First, we point out that it cannot be inferred from our holding in this case that the verdict for the plaintiff was inadequate. We find only that the lower court erred if it did not award damages for the "reasonably expected loss of income of the decedent," as well as for "services, protection, care and assistance provided by the decedent," simply for lack of a showing of financial dependence by the decedent's parents and siblings. Such a showing is not statutorily required.

■ Secondly, we do not agree with the appellee's contention that liability is still at issue in this case, which was tried without a jury. The lower court judge found the appellee to be 60% at fault in the accident. The appellee did not appeal this decision to this Court and only now raises two issues as cross-assignments of error: (1) that the trial court failed to consider the uncontroverted evidence that the decedent was intoxicated at the time of her death and (2) that the trial court's finding that the appel-

lee overdrove his headlights is wholly unsupported by the evidence. Our review of the record and the lower court's findings of fact gives us no basis upon which to conclude that that court was clearly wrong in its assessment of liability. " 'Findings of fact by a trial court without a jury will not be set aside unless they are clearly wrong.' Syllabus Point 1, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972)." Syllabus point 1, *Moore v. Goode*, 180 W.Va. 78, 375 S.E.2d 549 (1988).

█ " 'Rule 59(a), R.C.P., provides that a new trial may be granted to any of the parties on all or part of the issues, and in a case where the question of liability has been resolved in favor of the plaintiff leaving only the issue of damages, the verdict of the jury may be set aside and a new trial granted on the single issue of damages.' Syllabus Point 4, *Richmond v. Campbell*, 148 W.Va. 595, 136 S.E.2d 877 (1964)." Syllabus point 6, *King v. Bittinger*, 160 W.Va. 129, 231 S.E.2d 239 (1976). This Court has previously noted that it may be appropriate to remand a case for a new trial on the sole issue of damages if (1) the issue of damages is entirely separate and distinct from the issue of liability; (2) the liability of the defendant is definitely established; and (3) such limitation will not operate to the prejudice of the defendant. Syllabus point 7, *King v. Bittinger*, 160 W.Va. 129, 231 S.E.2d 239 (1976); *Shields v. Church Bros., Inc.*, 156 W.Va. 312, 193 S.E.2d 151, 159 (1972). We find no error in the lower court's apportionment of negligence in this case, and it is clear that the damages issue is separate and distinct from the issue of liability.

For the reasons stated above, we reverse the December 23, 1988, order of the Circuit Court of Kanawha County and remand this case to that court for a new trial on the single issue of damages.

Reversed and remanded.